The opinion of the court was delivered by
Breaux, J.
Convicted of horse stealing the defendant appeals from the sentence and judgment of the court.
The grounds upon which the appeal is based is set forth in the transcript before us.
The mother of the accused was one of \his witnesses. She testified on direct examination that her son, the defendant, was preparing to send the horse back to the owner.
For the purpose of laying the foundation for impeaching her testimony, the District Attorney cross- examined her as to the time, place and person by whom he expected to prove the inconsistency of her statement. The following was the question propounded by him: “ Did you not tell J. B. Perry on Mr. Gilbert’s gallery on the evening he found the horse, that your son was going to leave the country that night with the horse?”
She answered: “No.”
In due time Mr. Perry was called to contradict and impeach the witness.
To the ruling of the court admitting the testimony'of this witness, in answer to the question propounded, as before stated, the accused reserved a bill of exception. . ,.
*1420 The ground of objection is that the statement of the mother of the accused was hot contradicted by the testimony of the witness Perry. But the fact is, that there was direct conflict between the two statements. The two accounts were substantially inconsistent. The first account of the mother as a witness haying been admitted to prove the innocence of the accused, proof of her second statement contradicting the first, was relevant for the purpose for which it was offered, that is, to impeach her testimony.
The propriety of the mode of impeachment followed in this case is sustained by a number of decisions.
With the view of impairing the credibility of a witness, facts may be proved which would not be admissible, if directly offered to prove the guilt of the accused. The issue here relates to the veracity of the witness. Rice on Evidence, Vol. 111, p. 368.
The principle is clearly expressed in a number of decisions, that no witness can be asked on cross-examination any question not relevant to the issue, simply with a view to discredit by other evidence establishing the untruth of his answer. But it is not the case here; the question was propounded to the witness on the examination in chief, with the view of proving that the accused had not stolen the property. It was therefore permissible to show that the witness had not sworn truthfully in answer to the question propounded.
Evidence not admissible in the first instance may become so in matters subsequent.
The relation in which the .witness stands to the accused must be considered.
The whole matter is largely ¡'within the discretion of the court. Best on Evidence, p. 633.
Judgment affirmed.